United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America, )<br>)<br>v. )<br>)<br>Minh Hung Nguyen, )<br>)<br>Defendant. )<br>) | Criminal Action No.<br>95-10266-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case arises out of the 1996 conviction of defendant Minh Hung Nguyen ("defendant" or "Nguyen") for aiding and abetting the distribution of heroin. Defendant has filed a Motion to Vacate his sentence (Docket No. 198) based upon the collateral consequences related to his immigration status. For the following reasons, defendant's motion will be denied.

I.  **Background**

Defendant Nguyen is a Vietnamese national who fled Vietnam in the spring of 1985. In 1986, Nguyen's family emigrated to the United States under the Amerasian program and moved into the residence of their sponsor family.[1] At some point during Nguyen's teenage years he received a green card.

---

[1] While Nguyen is the son of two Vietnamese parents, his sister was fathered by an U.S. citizen, therefore qualifying the family for resettlement under the Amerasian program.

-1-

In September 1996, Nguyen and four codefendants were charged in an eight-count drug trafficking indictment. Nguyen pled guilty to aiding and abetting the sale of 1.2 grams of heroin, an aggravated felony, and sentenced to 10 months imprisonment with three years of supervised release. Shortly thereafter, Nguyen was ordered deported to Vietnam. Despite regular check-ins with INS throughout his three years of supervised release, Nguyen was never physically removed from this country.

Nguyen is now 49 years old and has been continuously living in the United States as a law-abiding member of his community. He has been married to a U.S. citizen for 10 years and has two citizen children. Because of his aggravated felony conviction, he is not eligible for legal status on the basis of his marriage. He now moves the Court to vacate his conviction so that he can remain in the United States as a lawful resident. He argues that he was never apprised of the immigration consequences of his plea and that, if he had been, he would not have pled as he did.

## II. Motion to Vacate

Defendant moves the Court to vacate his sentence under the All Writs Act and Fed.R.Civ.P. (60)(b).

### A. All Writs Act

The All Writs Act authorizes federal courts to grant writs necessary in the aid of their jurisdiction. 18 U.S.C. §1651. Defendant, in his motion to vacate, pursues two such writs, the writ of coram nobis and the writ of audita querela, as well equitable relief under the act.

#### i. Coram Nobis

The writ of coram nobis was originally intended to allow courts to correct for technical errors in past judgments. Murray v. United States, 704 F.3d 23, 28 (1st Cir. 2013). The use of the writ has been abolished in civil cases but remains available to correct criminal judgments. See United States v. Morgan, 346 U.S. 502, 503-04, 506-13 (1954). The remedy is one of last resort in this circuit and should be issued only with great restraint. United States v. George, 676 F.3d 249, 253 (1st Cir. 2012). The Court must presume proceedings were proper unless the defendant meets his burden to prove otherwise. Murray v. United States, 821 F. Supp. 2d 458, 467 (D. Mass. 2011).

To establish eligibility for the writ, defendant must 1) adequately explain his failure to seek relief earlier through other means, 2) show that he continues to suffer a significant collateral consequence of the judgment and 3) demonstrate that the judgment resulted from a fundamental error. Murray, 704 F.3d at 29. Satsifaction of all three prongs is a necessary, but not

a sufficient, condition for the granting of the writ. Id. The Court retains discretion to grant or deny the writ based on the individual circumstances of each case. Id.

While the Court agrees that the collateral consequences of defendant's conviction are significant, Nguyen has not explained his failure to seek relief sooner or demonstrated that the conviction resulted from a fundamental error. In support of his claims, Nguyen argues that 1) his counsel never adequately explained to him the immigration consequences of his guilty plea and 2) that his limited understanding of the English language precluded his understanding of the substance of his initial plea colloquy as well as his subsequent immigration proceeding. He contends that he didn't seek earlier relief because he was unaware that his conviction would carry serious immigration consequences, had he been aware he would have pled differently and, therefore, the judgment was the result of a fundamental error.

Nguyen's contentions, while very serious, are supported by only self-serving statements in his affidavit. Because of the age of the conviction, neither Nguyen nor the government has been able to produce records proving whether defense counsel ever informed Nugyen that his plea would result in adverse immigration consequences. There is no available transcript of Nguyen's Rule 11 hearing.

The transcript from Nguyen's sentencing hearing indicates there was an interpreter present but that Nguyen's immigration status was not discussed in any meaningful way. The transcript of his removal proceedings does not indicate whether an interpreter was present but Nguyen's counsel did inform the immigration judge that Nguyen was aware of his status as an aggravated felon and that the government contended he was a deportable alien. Defendant's own attestation is the only evidence available for his proposition and is insufficient for relief pursuant to a writ of coram nobis.

### ii. Audita Querela

Similar to the writ of coram nobis, the writ of audita querela is an ancient writ originally available to parties in civil cases for relief of collateral consequences based on a change of law. See United States v. Holder, 936 F.2d 1, 2 (1st Cir. 1991). The writ is presumably available in criminal proceedings as well. Id. It differs from coram nobis in that it is directed at the enforcement of the judgment rather than the judgment itself. Trenkler v. United States, 536 F.3d 85, 90 (1st Cir. 2008).

It is unclear from defendant's motion exactly what law has changed since his conviction that would warrant relief via audita querela. Instead, defendant appears to argue that audita querela allows the Court to weigh equity more heavily in his

favor than in coram nobis, although he acknowledges that relief still requires some showing of legal defect.

To the extent that relief via audita querela must be based upon a change in law, defendant has failed properly to allege such change. And, to the extent that he is required to prove a legal defect, his audita querela claim fails for the same reason as his coram nobis claim is unavailing. Defendant provides no evidence, aside from his own self-serving declaration, that his plea suffered from any procedural error. His claim will therefore be denied.

### iii. General Relief under the All Writs Act

Nguyen further claims he is entitled to general, equitable relief under the All Writs Act. Even if the Court had jurisdiction to grant such relief, his lone, self-serving attestation is insufficient for equitable relief under the act.

### B. Independent Relief under Fed.R.Civ.P. 60(b)

Finally, defendant requests the Court vacate his sentence under Fed.R.Civ.P. 60(b), which allows a federal court to entertain an independent action relieving a party from a judgment, order or proceeding. Because, hpwever, Rule 60 applies only in criminal cases, this claim for relief is also without merit.

-7-

## ORDER

For the forgoing reasons, the motion to vacate (Docket No. 198) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 7, 2025